IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION FUND,)
                              )
      Plaintiff,              )
                              )
         v.                   )   1:07cv11 (JCC)
                              )
SULLIVANT AVENUE PROPERTIES,  )
LLC, et al.,                  )
                              )
      Defendants.             )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' motion
to dismiss and motion to transfer venue to the Southern District
of Ohio pursuant to 28 U.S.C. § 1404.  For the reasons stated
below, the Court will deny both motions.

**I.  Background**

This case arises under the Employee Retirement Income
Security Act of 1974 ("ERISA"), as amended by the Multiemployer
Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001
*et seq.* (1982).  Board of Trustees of the Sheet Metal Workers'
National Pension Fund ("Plaintiff") has brought this action
against Sullivant Avenue Properties ("Sullivant") and Trio
Leasing Partnership ("Trio") (collectively "Defendants").
Plaintiff seeks withdrawal liability, interest, and liquidated
damages from trades or businesses under common control with

Accurate Fabrications, Inc. ("Accurate") pursuant to ERISA §§ 4201(b) and 4001(b)(1); 29 U.S.C. §§ 1381(b)(1).  The facts as alleged by Plaintiff are as follows:

Until the date of withdrawal from the Sheet Metal Workers' National Pension Fund ("Fund"), Accurate employed members of the Sheet Metal Workers' International Association Local Union No. 24 ("Local 24").  Accurate was a signatory to a collective bargaining agreement with Local 24, which required it to make contributions to the Fund on behalf of employees covered by the agreement.  On February 1, 2006, Accurate permanently ceased contribution to the Fund.  Plaintiff alleges that a complete withdrawal occurred on this date, resulting in withdrawal liability of $1,388,145.72.  Plaintiff also alleges joint and several liability against Defendants Sullivant and Trio as trades or businesses under common control with Accurate.  Plaintiff bases common control on the allegation that they are "wholly owned by Gerald Miller or other wise are a 'brother-sister group of trades or businesses under common control.'" (Amend. Compl., ¶ 11).

Defendants are all Ohio corporations headquartered in Columbus with offices and business records located in the Columbus area.  Defendants' officers and employees are located in the Columbus area and are residents of Ohio.  Defendants do not manage any locations or transact business in the Commonwealth of

Virginia.[1]  Plaintiff is charged under law and by contract with
the administration of various employee benefit plans for members
of the National Sheet Metal Workers Union.  Plaintiff's members
meet, transact business, and administer the funds in this
district.  Plaintiff's business offices and records are located
primarily in Alexandria, Virginia.  However, the actions giving
rise to this suit occurred in the Southern District of Ohio.  On
April 6, 2007, Defendants filed a motion to dismiss Plaintiff's
Amended Complaint for failure to state a claim, or in the
alternative, to transfer the case to the Southern District of
Ohio.  This motion is currently before the Court.

## II.  Standard of Review

A)  <u>Motion to Dismiss</u>

A Rule 12(b)(6) motion to dismiss tests the legal
sufficiency of the complaint, *see Randall v. United States*, 30
F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it
appears beyond doubt that the [P]laintiff can prove no set of
facts in support of his claim which would entitle him to relief."
*De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)
(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-
46 (1957).

---

[1]Personal jurisdiction is not at issue in this case, as the parties
concede that the Plan is administered in the Commonwealth of Virginia.
Nonetheless, Defendants' nexus to this forum is important in deciding if
transfer is warranted.

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of Plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

B) <u>Motion to Transfer</u>

Section 1404(a) addresses motions to transfer. With respect to transfer, the relevant portion of the statute instructs that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). This rather ambiguous standard has been interpreted to require consideration of the following four factors: (1) Plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F. Supp. 1253, 1256-62 (E.D. Va. 1988). The interest of justice factors include such circumstances as the pendency of a related action, the Court's familiarity with the applicable law, docket conditions,

-4-

access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).

### III. Analysis

Defendants first move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted, and for improper venue under 28 U.S.C. § 1391(a). Defendants argue in a separate motion that this litigation should be transferred under 28 U.S.C. § 1404(a) to the Southern District of Ohio based upon convenience to the parties and witnesses. *Id.* at 12.

A) <u>Motion to Dismiss For Failure to State a Cause of Action</u>

Defendants first move to dismiss Defendants Sullivant and Trio on the ground that the Amended Complaint does not properly allege common control over Accurate, Sullivant, and Trio. The Amended Complaint states:

> Defendants, Sullivant, Trueline and Trio, are trades or businesses under common control with Accurate within the meaning of Section 414(c) of the Internal Revenue Code and the regulation thereunder, because they are *wholly owned by Gerald Miller* or otherwise are a "brother-sister" group of trades or businesses *under common control.*

(Amend. Compl., ¶ 11)(emphasis added). Defendants argue that this allegation is legally conclusive and does not plead facts properly alleging common control. This assertion is incorrect.

-5-

The question of membership in a controlled group is an issue of fact rather than law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Slotky,* 956 F.2d 1369, 1373 (7th Cir. 1992); *Central States, Southeast & Southwest Areas Pension Fund v. White,* 258 F.3d 636, 641 n.6 (7th Cir. 2001)(holding that the MPPAA does not require a business nexus between two businesses owned by the same persons to establish common ownership). Plaintiff pled that the three businesses are commonly owned and commonly controlled by Gerald Miller, and this pleading is more than sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure's notice pleading requirement.  Accordingly, Defendants' motion to dismiss will be denied.

   B)   <u>Motion to Transfer</u>

        Defendants concede both personal jurisdiction and proper venue, but move this Court to transfer the case to the Southern District of Ohio, pursuant to 28 U.S.C. § 1404(a). There are two prerequisites to the application of Section 1404(a), both of which are satisfied in this case.  First, the Section applies only where venue is proper in the transferor forum, and venue is proper in this district because Plaintiff administers its funds here.  *See* 29 U.S.C. § 1132(e)(2); *see also Sprinzen v. Supreme Court of New Jersey,* 478 F. Supp. 722 (S.D.N.Y. 1979)(an employee benefit plan is administered where

the plan's offices are located, where its affairs are conducted, where its trustees meet, and where its records are kept).

Second, the proposed transferee forum must be one where the suit might have been brought.  ERISA's venue provision, 29 U.S.C. § 1132(e)(2) provides for venue where the Defendants reside--in this case within the proposed transferee forum. Accordingly, this prerequisite is met and the Court will proceed with an analysis under 1404(a), and address each of the § 1404(a) factors: (1) Plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice.  *Baylor,* 702 F. Supp. at 1256-62.

(1) <u>Plaintiff's Choice of Venue</u>

While Plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate, the amount of weight varies depending on the significance of the contacts between the venue chosen by Plaintiff and the underlying cause of action.  *See id.* at 1256. Naturally, the stronger the contacts between the Plaintiff's chosen venue and the cause of action, the greater weight given to Plaintiff's choice of venue.  *Id.*  However, in ERISA cases where Plaintiff brings suit in the district where the plan at issue is administered, Plaintiff's choice of forum is afforded greater

weight than would typically be the case.[2]  *Id.; see also Int'l Bhd. of Painters & Allied Trades Union v. Best Painting & Sandblasting Co., Inc.,* 621 F. Supp. 906, 907 (D.D.C. 1985).

Plaintiff's choice of forum is the district in which the Plan is administered, but the actions giving rise to the complaint occurred in Ohio.  Thus, the nexus between this district and the cause of action is limited to the administrative functions carried on by Plaintiff in determining Defendants' liability with respect to the Plan.  On the other hand, the transferee forum is more closely connected with the cause of action.  Thus, the weight of Plaintiff's choice of forum is diminished to an extent by lack of connections with Virginia, but simultaneously bolstered by Congressional policies favoring Plaintiff's choice of venue in ERISA matters.  As this Court has previously held, Plaintiff's forum choice in such circumstances

---

[2]In addressing Plaintiff's choice of venue for ERISA cases, Congress recognized as a special goal of ERISA that:

> [t]he enforcement provisions have been designed specifically to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act. The intention of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants.

H.R. Rep. No. 533, 93d Cong., 1st Sess., *reprinted in* 1974 U.S.Code Cong. & Admin. News 4639, 4655.  Given this construction, this Court has held that Plaintiff's venue selection under ERISA is entitled to greater deference than typically afforded to Plaintiff's choice of venue. *Baylor,* 702 F. Supp. at 1257.

is significant, but "neither dispositive nor conclusive."
*Baylor,* 702 F. Supp. at 1257.

(2) <u>Witness Convenience and Access</u>

Witness convenience is often the most important factor
in balancing for a potential § 1404(a) transfer, but its
influence may not be assessed without reliable information
identifying the witnesses involved and specifically describing
their testimony. *See id.* at 1258. Furthermore, transfer is
inappropriate when the result merely serves to shift the balance
of inconvenience from one party's witnesses to the other's.
*Eastern Scientfic Marketing v. Tenka-Seal Corp.,* 696 F. Supp.
173, 180 (E.D. Va. 1988). Defendants state that this cause of
action will involve numerous employees located "in or around
southern Ohio," but do not specifically identify any witnesses,
or offer any reasons why a witness may be unavailable if trial is
held in Alexandria. Defendants only state that requiring
witnesses to travel to Virginia would be "inconvenient,
expensive, and unwieldy," but do not offer any factual basis.
(Def.'s Mot. at 9). Furthermore, Plaintiff argues that transfer
would only shift the burden to its witnesses. Accordingly, this
factor does not weigh in favor of transfer.

(3) <u>Convenience of the Parties</u>

Parties' relative convenience is also a factor for this
Court to consider. However, when Plaintiff files suit in its

home forum, "convenience to parties rarely, if ever, operates to justify transfer." *Baylor,* 702 F. Supp. at 1259.  In such cases, transfer would likely serve only to "shift the balance of inconvenience" from Defendant to Plaintiff. *Id.*  Defendants argue that they are inconvenienced by litigation in this district because they reside in Columbus, Ohio and lack the resources to litigate in a foreign district.[3]  *See* Miller Decl. at ¶ 5.  However, Plaintiff chose its home forum in this case, and while it is true that litigation in a foreign district will be more burdensome to Defendants, a transfer to Ohio would merely shift the burden to the Plaintiff.  All of the grievances claimed by Defendants, such as hiring of local counsel and the transportation of documents and witness would be borne by Plaintiff rather than the Defendants.  Accordingly, convenience of the parties does not weigh persuasively in favor of transfer.

---

[3]Defendants demonstrate a disparity in bargaining power between themselves and Plaintiff.  Defendants point to several other district court cases which have considered this factor relevant in determining convenience of the parties. *See Sassy, Inc. v. Berry,* 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005).  However, none of these cases involved ERISA actions brought in the home state of the fund, where Plaintiff's choice of forum is given considerably more weight.  The *Sassy* decision, involving intellectual property claims arising from the Lanham Act, specifically stated that "determination of patent infringement does not implicate a specific location." *Id.*  The other cases cited by Defendant also did not involve ERISA actions, and rested on grounds other than simple lack of resources. *See, e.g., Antioch Co. v. Pioneer Photo Albums, Inc.,* 2000 U.S. Dist. Lexis 20068 (S.D. Ohio 2000)(involving breach of contract and three specific witnesses identified as unavailable); *Safeco Corp. v. Miletic,* 1996 U.S. Dist. Lexis 11685 (N.D. Ill. 1996)(breach of trade secrets and agreement).

(4) <u>The Interest of Justice</u>

The interest of justice factor is meant to include all other considerations bearing on the suit other than convenience of witnesses and the parties.  Such factors include: the pendency of a related action, a court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment.  *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).

In ERISA cases, Defendants often argue that the interest of justice support transfer to their home forum. *Baylor,* 702 F. Supp. at 1261.  Here, Defendants assert through a Declaration that they lack resources to effectively defend this suit in Virginia.  This allegation is conclusory and unsupported by persuasive evidence.  Defendants offer a slew of financial data related to Plaintiffs, but offer no convincing evidence suggesting that they would be financially incapable of defending suit in Virginia.  While this Court agrees that the cost of litigation will be higher for Defendant in Virginia than it would in Ohio, Defendants have not sufficiently demonstrated that it they are "so small and so lacking in resources" that the interest of justice requires transfer to Ohio.  *Id.*

-11-

Furthermore, other interest of justice factors weigh against transfer.  First, the Fund has an interest in the uniform interpretation of ERISA, MPPAA, and the Plan.  *Id.*  Because the Fund is based in this district and files the vast majority of its actions for withdrawal liability here, retention favors a consistent interpretation of the law to the Fund.  Finally, this Court is unpersuaded by Defendant's arguments regarding docket conditions.  Defendant points to a disparity in case load between this district and the Southern District of Ohio, but does not offer any evidence suggesting that Defendants would obtain a quicker resolution of their case if this Court were to transfer. In sum, the interest of justice weighs against transfer.

In balancing all of these considerations, this Court concludes that Defendants have not met their burden to transfer the case to the Southern District of Ohio.  Accordingly, Defendants' motion to transfer will be denied.

### IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss or alternatively to transfer will be denied.  An appropriate Order will issue.

May 17, 2007                    _____/s/_____
Alexandria, Virginia                   James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE